**Patricia HARGUS, Plaintiff,**

v.

**FIRST NATIONAL BANK IN PORT LAVACA, Defendant.**

**Civ. A. No. V–87–9.**

United States District Court, S.D. Texas, Victoria Division.

July 23, 1987.

James A. Kosub, Kosub & Gaul, San Antonio, Tex., for plaintiff.

Larry G. Hyden, Harris, Cook, Browning, Jordan & Hyden, Corpus Christi, Tex., for defendant.

**112**

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Presently pending before the Court are motions for summary judgment by First National Bank in Port Lavaca ("First NB") and Plaintiff Patricia Hargus ("Plaintiff"). For the reasons stated below, this Court GRANTS First NB's motion and DENIES Plaintiff's motion.

The facts are essentially undisputed. First NB is one of two banks in a small town in rural Texas. First NB perceives that it is a detriment to the bank for its own employees to do their bank business at other banks. First NB's policy, therefore, requires its employees to bank solely at First NB absent special circumstances where First NB could not meet their banking needs. In July, 1984, the Plaintiff and First NB entered into an oral contract of employment. Plaintiff was informed several times of First NB's policy concerning its employees' banking business.

In February, 1985, the Plaintiff sought to secure financing for a home she was about to build. An interest rate of 14% was quoted. The Plaintiff later secured both interim and permanent financing from First State Bank in Port Lavaca at the rate of 12%. On September 3, 1985, First NB's president, Mr. Bower, terminated Plaintiff's employment because she had secured the loan elsewhere.

Plaintiff alleges that First NB's policy is in direct violation of the tying arrangements prohibited by 12 U.S.C. § 1972(1)(E). While subsections (A) through (D) have been discussed by various courts with some frequency, subsection (E) has apparently yet to be interpreted by any court. The Court thus looks to the legislative history of this statute and the plain meaning of its terms.

The purpose of the Bank Holding Company Act ("Act"), 12 U.S.C. §§ 1971–1978, was "to prohibit anti-competitive practices which require bank customers to accept or provide some other service or product or refrain from dealing with other parties in order to obtain the bank product or service they desire." *Swerdloff v. Miami Nat'l Bank*, 584 F.2d 54, 58 (CA5 1978) (quoting S.Rep. No. 1084, 94st Cong., 2d Sess. 3, *reprinted in* 1970 U.S.Code Cong. & Admin.News 5519, 5535). Section 1972(1)(E) states that: "A bank shall not in any manner extend credit, lease or sell property . . . or furnish any service . . . on the condition or requirement . . . that the customer shall not obtain some other credit, property, or service from a competitor of such bank."

■ Plaintiff first argues that § 1972(1)(E) applies to all bank customers even if they happen to also be employees. The Court agrees that a bank employee can also be a customer but the argument misses the point. The statute prohibits the bank from imposing certain conditions on customers qua customers. The statute simply does not speak to conditions which a bank may impose on its employees.

■ First NB did not offer to finance Plaintiff's home only on condition that she not obtain credit from another bank. Thus it did not extend *credit* to Plaintiff under prohibited conditions. Instead, First NB told Plaintiff that as a *condition* of *employment,* she could not bank elsewhere. The condition imposed upon Plaintiff by First NB affected her as a employee, not as a bank customer. Indeed the undisputed evidence is that after her termination as an employee, Plaintiff continued to be a customer of First NB and that the bank never conditioned the extending of credit on Plaintiff's not also banking elsewhere. In other words, First NB was perfectly willing to extend *credit* to Plaintiff regardless of where else she banked; however, it was unwilling to continue *employment* of Plaintiff if she did her banking business elsewhere.

■ Because the facts show that First NB did not unlawfully condition the extension of credit to Plaintiff, and because the bank clearly never offered to sell or lease property to Plaintiff, the only other theory implicating § 1972(1)(E) would be that the bank unlawfully conditioned the furnishing of a "service" to Plaintiff. In turn, the question would be whether employing

Plaintiff constitutes the furnishing of a "service" to her.

The Act does not expressly define "service," although § 1971 defines "trust service" as any service customarily performed by a bank trust department. Webster's dictionary provides several definitions for "service," including: an act done for the benefit or at the command of another; to perform service for; to meet the needs of [another]; to perform any of the business functions auxillary to production or distribution of [banking]; and to provide information or assistance to [another]. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2075 (1981). Banking services would normally include acts performed in connection with such things as "discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt; ... receiving deposits; ... buying and selling exchange, coin, and bullion; ... loaning money on personal security; and ... obtaining, issuing, and circulating notes." *See*, 12 U.S.C.A. § 24 Seventh (West Supp.1987). It would strain common understanding to the breaking point to hold that employing the Plaintiff constituted the furnishing of a "service" to her by the bank. *Compare B.C. Recreational Industries v. First Nat'l Bank*, 639 F.2d 828, 832 (1st Cir.1981) (requiring customer to hire a particular business advisor was not a requirement that customer provide an additional service to the bank under § 1972(1)(C)).

The Court concludes that the Plaintiff has not established a violation of § 1972(1)(E). This conclusion is not a commentary on whether the bank's policy is a necessary or wise one. Nor need the Court comment on the parties' discussion of whether the Plaintiff's firing violated Texas law. Nor does the Court decide whether the bank's policy may violate some other federal statute. Plaintiff's First Amended Complaint only alleges a violation of § 1972(1)(E).